IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA, | : : : |
| Plaintiff, | : No. 2:21-cv-02316 : : |
| v. | : : |
| MONTGOMERY COUNTY, et al., | : : : |
| Defendants. | |

## CONSENT ORDER

WHEREAS Plaintiff American Civil Liberties Union of Pennsylvania ("ACLU-PA") filed this action on May 20, 2021, alleging that Defendants violated its First and Fourteenth Amendment rights by preventing ACLU-affiliated lawyers from conducting confidential discussions with people detained at the Montgomery County Correctional Facility ("MCCF");

WHEREAS Defendants responded to Plaintiff's notice of an intent to file a motion for preliminary injunction by indicating a desire to reach an amicable settlement of the dispute; and

WHEREAS the parties now have reached an accord to resolve the ongoing dispute;

**THE PARTIES HEREBY STIPULATE AND AGREE TO BE BOUND AS FOLLOWS:**

1. This Order is entered based on a negotiated settlement between the parties and is not to be construed as an admission of liability by any of the parties.

2. Defendants (including their agencies, agents, elected officials, representatives, officers, employees, departments, boards and anyone acting in concert with them) shall not require any lawyers (or para-professionals working under their direction) seeking confidential video, telephone, or in-person visits with individuals detained at the MCCF, including but

not limited to lawyers affiliated with Plaintiff ACLU-PA, to present documentation or evidence of an attorney-client relationship.

3. Nothing in this Order prevents Defendants from enforcing necessary institutional security or public health measures for professional visits. Defendants may implement reasonable, content-neutral, time, place and manner restrictions on professional visits, including those involving ACLU-PA-affiliated lawyers.

4. Nothing in this Order prevents Defendants from limiting or even excluding attorneys from remote or in-person visits based on the attorney's or para-professional's substantial misconduct or intentional failure to comply with reasonable content-neutral time, place and manner restrictions.

5. This Order shall remain in effect from this day forward, unless modified by further Order of this Court.

6. This Court shall maintain jurisdiction to enforce this Consent Order, via motions for specific performance or contempt.

7. This Order does not affect or resolve Plaintiff's demand for attorneys' fees. The parties shall within thirty days notify the Court whether they have resolved the issue of attorneys' fees or whether Plaintiff will file a Petition for Fees, which the Court shall adjudicate in due course.

8. The parties agree that this Court may administratively close this matter, subject to re-opening based on motion of either party.

/s/ _____
Witold J. Walczak
ACLU-PA

/s/ _____

/s/ _____
Joshua Stein
Solicitor, Montgomery County

John A. Freedman
Arnold & Porter Kaye Scholer LLP

      Attorneys for Plaintiff                        Attorney for Defendants

This ORDER is hereby **APPROVED** on this 24th day of May, 2021, and the relief set forth herein is **GRANTED**.

_Karen Spencer Marston_
U.S.D.J.